# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM MARK FRANKS,<br><br>        Petitioner,<br>v.<br><br>R. C. JOHNSON,<br><br>        Respondent. | Case No.: 1:19-cv-00548-JLT (HC)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION<br><br>[THIRTY DAY DEADLINE] |

Preliminary screening of the petition filed in this action reveals that it fails to present any cognizable grounds for relief. Therefore, the Court will DISMISS the petition with leave to file an amended petition.

**I.    DISCUSSION**

    A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

///

1

B. <u>Failure to State a Cognizable Federal Claim</u>

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2). In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition fails to present a cognizable claim for relief. Petitioner challenges his 2012 conviction in Stanislaus County Superior Court for an unidentified offense for which he was sentenced to a term of 39 years. (Doc. 1 at 1.) In the form petition, he states one claim for relief, as follows: "As a major error into case fall [sic] ineffective assistance of counsel never suppress motion to be dismiss the charges constitutional law 92XXVII due process 4, 5, 6, 8th, 14th." (Doc. 1 at 5.) The claim is entirely vague. It appears Petitioner is claiming ineffective assistance of counsel concerning a motion to suppress; however, he provides no further details on the claim. He does not clearly state what counsel did or did not do that Petitioner considers ineffective assistance. He provides no facts in

support of the claim. He does not show how the state court rejection of the claim was contrary to or an unreasonable application of Supreme Court authority.

In his form petition, Petitioner also references various attachments. In some of the attachments, it appears Petitioner attempts to state a claim. For instance, in an exhibit entitled "Motion of Habeas Corpus for Writ," Petitioner again raises ineffective assistance of counsel. However, he does not expound on the claim other than to state that counsel "fail[ed] to object and/or raise and argue very important issues that violate[] constitutional law principle rights." (Doc. 1 at 16.) This is insufficient. Petitioner must state what those important issues are and how counsel failed to render effective assistance. In subsequent attachments, Petitioner again raises ineffective assistance of counsel, but he only states the law concerning ineffective assistance. (Doc. 1 at 23-24, 28-32.) He provides no supporting facts concerning his case.

Petitioner also states his due process rights were violated by an identification procedure. (Doc. 1 at 25, 32.) Petitioner believes the identification was unreliable. However, it is not the federal court's function to reweigh the evidence or judge the credibility of witnesses. The federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1). The reviewing court "must respect the province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict." Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir. 1995).

Petitioner argues that a violation of the Three Strikes Law occurred, but he fails to state how. (Doc. 1 at 26.) Moreover, the Three Strikes Law is a California law and generally a violation of state law does not give rise to a federal claim. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law).

Petitioner also contends that the prosecutor failed to disclose favorable evidence. (Doc. 1 at 27.) Again, however, Petitioner fails to support his claim with any arguments or facts. He does not state what evidence the prosecution failed to disclose and how Petitioner was prejudiced.

The remaining attachments are comprised of copies of various cases, news articles, court transcripts and state court pleadings and orders. None of these attachments purports to make out a cognizable claim. It is not the federal court's burden to discover Petitioner's claims for him. This is

unquestionably the petitioner's burden.

In summary, Petitioner has failed to comply with Rule 2(c) by failing to specify any ground(s) for relief, the facts supporting his ground(s), and the relief requested. He further fails to state how the state court rejection of his claims was contrary to or an unreasonable application of federal law. Thus, Petitioner fails to state a cognizable federal habeas claim and the petition must be dismissed. Petitioner will be granted an opportunity to file a First Amended Petition curing these deficiencies. Petitioner is advised that he should title his pleading, "First Amended Petition," and he should reference the instant case number. Failure to comply with this order will result in dismissal of the action.

**II.     ORDER**

Accordingly, the Court **ORDERS**:

1) The Petition for Writ of Habeas Corpus is DISMISSED with leave to amend due to the failure to state a claim; and
2) Petitioner is GRANTED thirty days from the date of service of this order to file a First Amended Petition.

IT IS SO ORDERED.

Dated:  **May 7, 2019**                             **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE

4