UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM MARK FRANKS, | Case No.: 1:19-cv-00548-JLT (HC) |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | |
| R. C. JOHNSON, | FINDINGS AND RECOMMENDATION TO DISMISS AMENDED PETITION |
| Respondent. | [TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner filed a federal habeas petition in this Court on April 29, 2019. (Doc. 1.) After conducting a preliminary screening, the Court found the petition was deficient in several aspects. Specifically, Petitioner failed to comply with Rule 2(c) by failing to specify any ground(s) for relief, the facts supporting his ground(s), and the relief requested, and failed to state how the state court rejection of his claims was contrary to or an unreasonable application of federal law. Therefore, the Court dismissed the petition with leave to file an amended petition.

On July 25, 2019, Petitioner filed a first amended petition. (Doc. 10.) A review of the petition reveals that it suffers from the same deficiencies previously identified. Therefore, the Court will recommend that the petition be SUMMARILY DISMISSED WITH PREJUDICE.

**I.     DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary

review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B. <u>Failure to State a Cognizable Federal Claim</u>

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2). In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Like the initial petition, the first amended petition fails to present a cognizable claim for relief. Petitioner's first amended petition is essentially the same as the initial petition he filed. Other than a

few pages, the entirety of the initial petition is replicated in the first amended petition. The pages appear rearranged and the exhibits are labeled differently at times. Petitioner included some additional pages of allegations with his first amended petition, but these do not cure the deficiencies that the court required to be remedied. (Doc. 10 at 1-7.) Petitioner also included different copied pages of discussions of cases and included several "Warrant Stanislaus County / Superior Court Minute Order(s)" with his first amended petition. (Doc. 10 at 37-58.)

The first amended petition still fails to present a cognizable claim for relief. Petitioner challenges his 2012 conviction in Stanislaus County Superior Court for an unidentified offense for which he was sentenced to a term of 39 years. (Doc. 10 at 11.) In the form petition he states one claim for relief as follows: "As a major error into case fall [sic] ineffective assistance of counsel never suppress motion to be dismiss the charges constitutional law 92XXVII due process 4, 5, 6, 8th, 14th." (Doc. 10 at 15.) The claim is vague. It appears Petitioner is claiming ineffective assistance of counsel concerning a motion to suppress; however, he provides no further details. He does not clearly state what counsel did or did not do that Petitioner considers ineffective. He provides no facts in support of the claim. He does not show how the state court rejecting the claim was contrary to or an unreasonable application of Supreme Court authority.

In his form petition Petitioner also references various attachments. In some of the attachments, it appears Petitioner attempts to state a claim. For instance, in an exhibit entitled "Motion of Habeas Corpus for Writ," Petitioner again raises ineffective assistance of counsel. However, he does not expound on the claim other than to state that counsel "fail[ed] to object and/or raise and argue very important issues that violate[] constitutional law principle rights." (Doc. 10 at 9.) This is insufficient. Petitioner must state what those important issues are and how counsel failed to render effective assistance. In subsequent attachments, Petitioner again raises ineffective assistance of counsel, but he only states the law concerning ineffective assistance. (Doc. 10 at 27-28, 32-36.) He provides no supporting facts concerning his case.

Petitioner also states his due process rights were violated by an identification procedure. (Doc. 10 at 29, 36.) Petitioner believes the identification was unreliable. However, it is not the federal court's function to reweigh the evidence or judge the credibility of witnesses. The federal court must

3

presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1). The reviewing court "must respect the province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict." Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir. 1995).

Petitioner argues that a violation of the Three Strikes Law occurred, but he fails to state how. (Doc. 10 at 30.) Moreover, the Three Strikes Law is a California law and generally a violation of state law does not give rise to a federal claim. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.").

Petitioner also contends that the prosecutor failed to disclose favorable evidence. (Doc. 10 at 31.) Again, however, Petitioner fails to support his claim with any arguments or facts. He does not state what evidence the prosecution failed to disclose and how Petitioner was prejudiced.

The remaining attachments are comprised of copies of various cases, news articles, court transcripts and state court pleadings and orders. None of these attachments purports to make out a cognizable claim. It is not the federal court's burden to discover Petitioner's claims for him. This is unquestionably the petitioner's burden.

In summary, Petitioner has failed to comply with Rule 2(c) by failing to specify any ground(s) for relief, the facts supporting his ground(s), and the relief requested. He further fails to state how the state court rejection of his claims was contrary to or an unreasonable application of federal law. Thus, Petitioner fails to state a cognizable federal habeas claim and the petition must be dismissed.

## II.     ORDER

The Court DIRECTS the Clerk of Court to assign a District Judge to the case.

## III.    RECOMMENDATION

Accordingly, the Court RECOMMENDS that the habeas corpus petition be SUMMARILY DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within

twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 25, 2019**　　　　　　　　**/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE